IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | |
| | ) | |
| Petitioner, | ) | 4:08CV3027 |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BILL GIBSON, CEO., | ) | |
| | ) | |
| Respondent. | ) | |

In this habeas corpus case, the petitioner challenges the November 1, 2007 order of the District Court of Hayes County, Nebraska continuing his commitment to a Nebraska mental institution. Respondent moves for summary judgment. I will grant the motion because the petitioner has failed to exhaust his state court remedies. Accordingly, I will dismiss this case without prejudice.

## I.  BACKGROUND

John Maxwell Montin (Montin) has been here before. In fact, this is the fourth federal action filed by Montin.

In 1993, a jury in Hayes County, Nebraska acquitted Montin of two charges and found him not guilty by reason of insanity on two other charges. As a result, Montin was involuntarily committed under Nebraska law. (Case No. 4:08CV3027, [Filing No. 7, Attach. 1](#) ("Journal Entry" dated August 11, 1993).) He remains committed now.

Montin first filed a section 2254 petition attacking the original decision to confine him on April 1, 1998. I dismissed that case without prejudice in order to allow Montin to exhaust his state remedies and judgment was entered accordingly on December 7, 1998. (Case No. 4:98CV3100, Filing Nos. 8, 9.) After that, and on

October 29, 1999, Montin filed another section 2254 petition again attacking his initial commitment, but, on January 28, 2000, I dismissed that action without prejudice for failure to exhaust his state court remedies. (Case No. 4:99CV3271, Filing Nos. 5, 6.)  Montin did not appeal.

On March 13, 2003, Montin filed a third habeas petition attacking his original commitment.  This action was barred under the one-year statute of limitations and I dismissed it with prejudice on February 20, 2004. (Case No. 4:03CV3096, Filing Nos. 19, 20.)  Montin appealed, but the appeal was dismissed because Montin's application for a certificate of appealability was  untimely. (Case No. 4:03CV3096, Filing Nos. 30, 32, 34.)

On October 26, 2007, a hearing was held by the District Court of Hayes County, Nebraska to review Montin's commitment as required each year by Neb. Rev. Stat. 29-3703(1) (West 2008). (Case No. 4:08CV3027, Filing No. 7, Attach. 2 ("Journal Entry and Order").)  Counsel was appointed and Montin was represented by Susan L. Kirchman. (*Id*. at CM/ECF p. 1.)

On November 1, 2007, the judge found that: (1) Montin refused to participate in treatment and continued to suffer from a delusional disorder; (2) Montin is dangerous to himself and others and will be so for the foreseeable future; and (3) the suggested treatment plan was approved, but Montin would not be required to take medications against his will.  The judge's two-page journal entry was served on Kirchman according to a certificate of service attached to the document. (*Id*. at CM/ECF p. 2.)  According to the Clerk of the District Court of Hayes County, Nebraska, no appeal was filed. (Case No. 4:08CV3027, Filing No. 7, Attach. 5 (Affidavit of Susan Messersmith).)

In Montin's most recent brief, he admits that his lawyer received a copy of the commitment order sometime after January 20, 2008 and that Montin and his lawyer

discussed the commitment order. (Case No. 4:08CV3027, Filing No.14, at CM/ECF p. 7.) Montin also admits that he discussed his right to appeal with his court-appointed counsel sometime in January of 2008. (*Id.*) None of the factual assertions contained in Montin's brief are supported by an affidavit. Montin's brief is not submitted under penalty of perjury.

Montin filed this action on February 14, 2008. I conducted an initial review and determined that four issues had been raised. They were described this way:

> Claim One: Petitioner was denied the right to appeal the state's "order to maintain commitment" *because* the state intentionally or fraudulently withheld the order from Petitioner until the time limit to appeal expired.
>
> Claim Two: Petitioner was denied effective assistance of counsel *because* Petitioner's counsel failed to appeal the "order to maintain commitment."
>
> Claim Three: Petitioner's due process rights have been violated *because* the court relied on false testimony and altered medical records.
>
> Claim Four: Petitioner's due process rights have been violated *because* Petitioner's continued confinement is based on his failure to submit to "psychiatric, physiological, and behavior modification treatment."

(Case No. 4:08CV3027, Filing No. 6.)

## II. ANALYSIS

Respondent moves for summary judgment based upon two arguments. I address each of those arguments in turn.

-3-

First, Respondent argues that Montin may not seek habeas corpus relief because an annual review followed by a commitment order under Nebraska law is not a "judgment" with the meaning of 28 U.S.C. § 2254, but is a mere order for which habeas corpus relief is not applicable. In addition to the fact that Respondent's reading of the word "judgment" in section 2254 is far too narrow and unsupported by case law, I reject Respondent's assertion because the Eighth Circuit Court of Appeals has recently held, at least implicitly, that a federal habeas corpus action is appropriate to challenge mental health commitment orders entered after an initial commitment in cases like this one. *Revels v. Saunders*, 519 F.3d 734, 740 (8th Cir. 2008) (permitting a petitioner acquitted of crime because of insanity to challenge the denial of his request for unconditional release even though the petitioner was not challenging the initial commitment).

Second, Respondent argues that Petitioner has procedurally defaulted his claims because he has not appealed the most recent commitment order. While I do not necessarily agree that a procedural default has yet occurred, I do agree that petitioner has failed to exhaust his state court remedies. Dismissal without prejudice is therefore appropriate. A brief explanation is in order.

A habeas petitioner must first fairly present each claim he or she wishes to litigate in federal court to the state courts. 28 U.S.C. § 2254(b)(1). *See also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (A claim is properly presented when the state courts are given a "'fair opportunity' to apply controlling legal principles to the facts bearing upon [the claim].") (quoting *Picard v. Connor*, 404 U.S. 270, 275, 277-78 (1971)).

In Nebraska, a "fair opportunity" means that each habeas claim must be presented to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Nebraska Court of Appeals rules against the

-4-

petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005) (Nebraska law required habeas petitioner to file a petition for further review with the Nebraska Supreme Court in order to exhaust his available state court remedies after his conviction was affirmed by the Nebraska Court of Appeals; state rules indicated that such a procedure was considered the ordinary process because mandate could not issue until the 30-day period for filing such a petition had lapsed) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (requiring a petitioner to exhaust one complete round of the State's established appellate review process)); *Akins v. Kenney*, 533 F.Supp.2d 935, 947 (D. Neb. 2008). In other words, a claim is not fairly presented until "'petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim.'" *Krimmel v. Hopkins*, 56 F.3d 873, 876 (8th Cir. 1995) (quoting *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993).)

"When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure described in *Rhines v. Weber*, 544 U.S. 269 (2005)." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).[1] Conversely, if a petitioner fails to "fairly present" his claim to the state courts, and he can no longer present the claim to the state courts, then the federal court will be precluded from considering the claim unless the petitioner fits into one of two exceptions. *See, e.g., Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006), *cert. denied*, 127 S. Ct. 2256 (2007). That is, the petitioner must demonstrate "cause and prejudice" or a "miscarriage of justice" (like "actual innocence") in order to prosecute a claim when that claim has not been, and cannot be, fully and fairly asserted in the state courts. *Id.*

---

[1]In *Rhines v. Weber*, the Supreme Court held that the district court had discretion to stay, rather than dismiss, a *mixed* habeas petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition.

In this case, it is clear that Montin did not appeal the November 1, 2007 order that he wants to attack. He had thirty days from the entry of the November 1, 2007 order to appeal under Nebraska law. *See* Neb. Rev. Stat. § 25-1912(1) (Thomson 2008) (stating in pertinent part: "The proceedings to obtain a reversal, vacation, or modification of judgments and decrees rendered or final orders made by the district court, including judgments and sentences upon convictions for felonies and misdemeanors, shall be by filing in the office of the clerk of the district court in which such judgment, decree, or final order was rendered, within thirty days after the entry of such judgment, decree, or final order, a notice of intention to prosecute such appeal signed by the appellant or appellants or his, her, or their attorney of record . . . .").)

Nebraska courts enforce this time limit even when counsel is at fault for failing to file a notice of appeal. *See*, *e.g.*, *State v. Blunt*, 155 N.W.2d 443, 444 (Neb. 1968) (defendant was not entitled to the grant of a motion for leave to file a delayed notice of appeal even if defendant's constitutional rights had been violated by failure of public defender to lodge an appeal). Thus, Montin cannot now appeal from the November 1, 2007 order of continued commitment.

Does Montin have any other state court remedy? Respondent fails to address that question and simply assumes that Montin is out of luck. However, I believe Montin may have a right to file a state habeas corpus action using the failure of his counsel to appeal the commitment order as a gateway to the presentation of all his claims. *See* Neb. Rev. Stat. § 29-2801 (Thompson 2008) ("If any person, except persons convicted of some crime or offense for which they stand committed, or persons committed for treason or felony, the punishment whereof is capital, plainly and specially expressed in the warrant of commitment, now is or shall be confined in any jail of this state, or shall be unlawfully deprived of his or her liberty, and shall make application, either by him or herself or by any person on his or her behalf, to any one of the judges of the district court, or to any county judge, and does at the

same time produce to such judge a copy of the commitment or cause of detention of such person, or if the person so imprisoned or detained is imprisoned or detained without any legal authority, upon making the same appear to such judge, by oath or affirmation, it shall be his duty forthwith to allow a writ of habeas corpus, which writ shall be issued forthwith by the clerk of the district court, or by the county judge, as the case may require, under the seal of the court whereof the person allowing such writ is a judge, directed to the proper officer, person or persons who detains such prisoner.")

Indeed, in a somewhat analogous circumstance, the Nebraska Supreme Court has stated that a criminal defendant, who lost his right to appeal because of his counsel's failure to perfect an appeal, could pursue his claims by utilizing post-conviction remedies. *Blunt*, 155 N.W2d at 444 (held that defendant was not entitled to grant of motion for leave to file a delayed notice of appeal even if defendant's constitutional rights had been violated by failure of public defender to lodge an appeal from defendant's conviction as requested by defendant, *but* under such circumstances defendant's remedy was under the Post Conviction Act). *See also Almarez v. Hartman*, 318 N.W.2d 98 (Neb. 1982) (assuming without deciding that habeas corpus was the proper remedy to challenge the failure to implement a discharge plan following a civil commitment).[2]

---

[2] In commitment proceedings following an insanity acquittal there is a Constitutional right to counsel. *See*, e.*g.*, *United States v. Budell*, 187 F.3d 1137, 1141 (9th Cir. 1999) (insanity acquittee is constitutionally entitled to counsel at civil commitment hearing); *accord Project Release v. Prevost*, 722 F.2d 960, 976 (2nd Cir. 1983). Thus, counsel's alleged failure to perfect a direct appeal from the continued commitment order may take on Constitutional significance. If that is true, I assume Nebraska provides a remedy for such a Constitutional violation.

Believing that Montin's claims are unexhausted, but not necessarily defaulted, the question becomes whether I should dismiss or stay this case. I conclude that dismissal is appropriate for two reasons.

Initially, this is not a "mixed petition" situation; that is, Montin has exhausted *none* of his claims. Because *Rhines v. Weber* dealt only with a "mixed petition," I do not believe that case authorizes utilization of the "stay and abeyance" procedures in circumstances where *all* claims are unexhausted. *See*, e.g., *Roberts v. Norris*, 526 F.Supp.2d 926, 946 (E.D. Ark. 2007) (discussing *Rhines v. Weber*, and stating: "[I]f *none* of the petitioner's claims have been exhausted, then the federal court is not confronted with a "mixed petition" and *Rhines* does not apply as a categorical matter. In other words, *Rhines* dealt only with "mixed petitions" and, therefore, the holding in *Rhines*, strictly construed, applies only to cases involving "mixed petitions.") (Emphasis in original).

In addition, Montin still has time under the one-year statute of limitations governing federal habeas cases to exhaust his state law remedies if he acts quickly. This is because the time he takes in state court to exhaust his claims will not count against him, *see* 28 U.S.C. 2244(d)(2), and, at this point, not more than one year has passed since the November 1, 2007 commitment order was entered. As a result, Montin has several months left to go to state court and then file another petition here before the federal statute of limitations expires. Thus, there is no equitable reason for not dismissing this matter.³

---

³In the prior federal cases, Montin was previously instructed about the necessity of exhaustion. Exhaustion thus comes as no surprise to Montin. Still further, while Montin may remain mentally ill, his reasoning ability, as shown by the pleadings he has filed in this case, is not impaired to the degree that an exhaustion requirement would be unjust. Finally, if Montin exhausts his claims in state court and then files another federal habeas petition before the statute of limitations runs, his

Accordingly,

IT IS THEREFORE ORDERED that:

1. Respondent's motion for summary judgment (filing no. 8) is granted in part and denied in part and this case is dismissed without prejudice for failure to exhaust state court remedies. A separate judgment will be issued.

2. Montin's objection (filing no. 11) to the motion for summary judgment is denied.

August 18, 2008.              BY THE COURT:

                              *s/Richard G. Kopf*
                              United States District Judge

---

subsequent habeas corpus action (asserting the same claims) will not be construed as a "second or successive petition." *See, e.g.,* Weaver v. Bowersox, 241 F.3d 1024, 1029 (8th Cir. 2001) (where petitioner's original habeas petition was dismissed without prejudice for failure to exhaust state remedies, his subsequent filing was not a "second or successive petition.") (citing Slack v. McDaniel, 529 U.S. 473, 486-87 (2000).).